IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARRIS HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-376-GMS |
| | ) |
| ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Parris Hamilton ("Hamilton"), an inmate at the James T. Vaughn

Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C.

§ 1983.[1]  (D.I. 3.)  Hamilton appears *pro se* and was granted permission to proceed *in forma

pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 5.)

## I. BACKGROUND

Hamilton alleges that he is not being provided access to legal research he needs to appeal

his criminal conviction in State court.  His grievances have been denied at each step by the

defendants Mike Little ("Little"), Major J. Brennan ("Brennan"), and Bureau Chief Klein

("Klein").  Also named as a defendant is DOC Commissioner Robert Coupe ("Coupe").

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions). The court must accept all factual allegations in a complaint as true

and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

Hamilton proceeds *pro se*, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.

Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g.*, *Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an

inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

However, before dismissing a complaint or claims for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

2

must grant Hamilton leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

There are no allegations raised against Coupe, and it appears that he is named as a defendant based upon his supervisory position. A defendant in a civil rights action must have

3

personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Iqbal*, 556 U.S. at 675-77; *Rode v. Dellarciprete*, 845 F.2d at 1207).

Hamilton provides no specific facts with regard to Coupe's personal involvement as is required to state a claim for violations of his constitutional rights. Notably, there are no facts indicating that Coupe directed the alleged deprivation of Hamilton's constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation.

For the above reasons, the court will dismiss the claims against Coupe as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will: (1) allow Hamilton to proceed against the defendants Klein, Brennan, and Little; and (2) dismiss the defendant Coupe pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2016
Wilmington, Delaware

4